## THE ATLANTIC DYNAMITE COMPANY v. WILLIAM ANDREWS ET AL.

*Corporations—Capital stock—Assessments against stockholders.*

1. The decisions in *Plank Road Co. v. Millerd,* 3 Mich. 91; *Carson v. Mining Co.,* 5 Id. 288; and *Mining Co. v. Bagley,* 14 Id. 501,— settle the rule in this State that the stockholders of a mining

and smelting corporation are liable for such assessments upon their stock as may be made to pay the *bona fide* debts and running expenses of the corporation.

2. The sole question presented by the record is the right to enforce such assessment by a personal judgment or decree against the stockholder, which right is affirmed.

Appeal from Marquette.    (Stone, J.).  Submitted on briefs October 27, 1893.   Decided November 10, 1893.

Judgment creditor's bill.    Defendant Andrews appeals. Decree affirmed.   The facts are stated in the opinion.

*E. E. Osborn,* for complainant.

*J. L. McClear,* for appellant.

GRANT, J.   The complainant recovered a judgment at law December 12, 1892, against the defendant the American Iron Company for $6,232.86.   Execution was duly issued, and duly returned *nulla bona.*   Thereupon complainant filed this bill, which sets forth that the defendant company was organized under the laws of this State with a capital stock of 40,000 shares, of the par value of $25 each.   It gives the names and residence of all the stockholders, and makes them parties defendant.   By its articles of association, it was agreed that $220,000 of the capital stock had been paid by the transfer to the company of a certain mining lease.   The stockholders had paid in the further sum of $100,000, thus leaving unpaid $680,000 of the capital stock, or $17 for each share.   The debts of the company are alleged to amount to $66,389.31, and the names of the creditors, and the amounts due, are stated. November 28, 1892, the company, having become insolvent, made a general assignment to one Clarence R. Ely for the general benefit of its creditors, but the assignment is alleged to be invalid.   Ely has made no effort to perform any services as assignee, except to send out notices requir-

ing creditors to prove their claims. The bill alleges that Ely was one of the principal stockholders of the company until it became insolvent, and that thereupon he transferred his stock to the defendant Frank A. Ely, for the purpose of avoiding any liability for the debts of the company; that the company has no assets, real or personal, of any kind, from which complainant can collect any portion of its judgment; that the only method by which complainant's judgment and other debts can be enforced is by calling upon the stockholders to pay assessments upon their stock for the balance thereof still unpaid sufficient to satisfy the indebtedness of said company; that the company refuses and neglects to call and collect any such assessments, and apply them in the payment of its debts, and that such assessments can only be called by the aid of a court of equity. The bill prays that a receiver may be appointed of the defendant company; that an account may be taken of the respective liabilities of the stockholders; and that they may be decreed to pay to said receiver so much of the amount remaining due and unpaid on their stock as shall be found necessary to pay its debts. Such are the allegations and prayer of the bill.

The defendant William Andrews, who is the owner of 58 shares, demurred to the bill, for the reason "that, under the act for the incorporation of mining companies in the State of Michigan, the payment of an assessment called upon stock held in such mining company by a stockholder can only be enforced by a sale of the stock, and not by a personal judgment or decree rendered against the stockholder." The demurrer was overruled, and, the defendant Andrews having elected to stand by his demurrer and waive the right to plead or answer, it was decreed that he pay $7 per share upon his stock, making the sum of $406.

Section 4093, How. Stat., being section 18 of the law

authorizing the formation of mining and smelting companies, provides that—

"The board of directors may call in the subscription to the capital stock of any corporation existing hereunder, by installments, in such portion and at such times as said board of directors shall think proper."

The section further provides for notice to the stockholders when such calls shall become due and payable, provides for a sale of the stock in case of failure to pay, and further provides that, if a residue remains after such sale, it shall be refunded to the owner of the stock. This section is substantially the same as that found in the law of 1853. Comp. Laws 1857, § 1809.

The question of the liability of stockholders for unpaid assessments, and the remedy for their collection, first came before this Court in 1854, in *Dexter & Mason Plank Road Co. v. Millerd*, 3 Mich. 91. The question presented to the Court in that case was the power of the directors of plank-road companies to recover assessments upon the stock which they had ordered. The section of the plank-road act governing the making and collection of assessments was similar to that of the mining law above given. See page 97 of that case. The Court sustained the right of recovery. It was there said:

"If those who subscribe for stock in plank-road companies could not be compelled to pay for such stock, the consequences would often be ruinous to men of small means who embark in such enterprises in good faith, and who might be thus hopelessly embarrassed by being subjected to the payment of larger debts contracted by the corporation upon the faith of such subscriptions."

In *Carson v. Mining Co.*, 5 Mich. 288, the question first came before the Court as to the liability of a stockholder of a mining corporation in an action of *assumpsit* for a deficiency after his stock had been sold. After a careful review of the authorities, and of the statute and principles

involved, the right to maintain the suit was sustained, Mr. Justice CAMPBELL dissenting. It was there said in the majority opinion:

"And, it being established that a right of action exists for an unpaid call, it is difficult to maintain the proposition that anything short of complete satisfaction by payment will discharge it; and, in our opinion, it can only be done by the arbitrary adoption of a rule in favor of stock operators, utterly repugnant to those which govern every other class of citizens. If the effect of a sale, unlike that of a forfeiture, is to foreclose a security, and not to rescind a contract, it should also be to satisfy *pro tanto* the debt secured, leaving to the company the further remedy by action for the deficiency, if one exists, as in all other cases; and we should be extremely reluctant to recognize as authority any adjudications holding a contrary rule, unless based upon some principle not hitherto developed."

It was sought in that case to distinguish the provisions of the plank-road act from those of the mining act, but the Court refused to recognize the distinction.

The subject again came before the Court in *Merrimac Mining Co. v. Bagley*, 14 Mich. 501. It was sought to distinguish that case from the former ones, upon the ground that Bagley was not an original subscriber to the stock, and therefore assumed no contract obligations, and was not liable for the balance due upon assessments after applying the proceeds of the stock sold towards payment. Mr. Justice CAMPBELL wrote the opinion, and sustained the right to recovery and the liability of the stockholder, under the authority of *Carson v. Mining Co.*

These decisions settle the rule in this State that the stockholders of mining and smelting corporations are liable for such assessments upon their stock as may be made to pay their *bona fide* debts and running expenses. To hold otherwise would be to overrule the above decisions, which, for more than 30 years, were regarded as the settled law under which these corporations have been organized and managed.

We cannot look with favor upon the proposition that these mining corporations are regarded as a venture, and that, when they are organized with large capital, it is. understood that the stockholders are not liable upon their stock, and that creditors deal with them under such understanding. Whatever may be the rule in other states, such is not the rule in this State. There is no reason, either in law or in morals, that the creditors of such corporations must pay the expenses of the "ventures," and not the stockholders themselves, who are supposed to know more about the character and value of their property than do the creditors. There is reason in applying a different rule where the corporation, in good faith, issues its stock as fully paid, and the public records, made for the protection of creditors, show that fact, as was held in the case of *Young v. Iron Co.*, 65 Mich. 111. The articles of association are required to be recorded, showing the amount of capital stock, the number of shares, the amount of cash actually paid in on the capital stock, and the cash value of any property, real or personal, conveyed to the company contemporaneously with its organization. The president and secretary are required to make and file sworn annual reports, showing the amount of cash paid in on the capital stock, the amount of capital paid in by the conveyance of property, the entire amount invested in real estate, the amount of personal estate, the debts, etc. How. Stat. §§ 4077, 4107, 4108. The object of these provisions is to make a public record of the condition and assets of the corporation for the benefit of those dealing with it. One of these assets is the unpaid capital stock, which may be called in by the courts when the directors fail to do so.

Even if the rule as laid down in the case of *In re Mining Co.*, 7 Sawy. 30, 8 Id. 366, were under a constitution and statutes similar to our own, it would have no binding force upon this Court, which, as already shown, by repeated

decisions, has established the contrary doctrine.    But the constitution and statutes of California upon this subject are very different from our own, and we are not concerned to determine what effect they had upon the learned judges of the United States district and circuit courts, in which that case was decided.    To illustrate, the constitution of California provides:

"Each stockholder of a corporation or joint-stock association shall be individually and personally liable for such proportion of all its debts and liabilities, contracted or incurred during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation or association."

It is proper to state that the sole question presented by this record is the right to enforce an assessment by a personal judgment or decree against the stockholder.    No question is raised as to the method of making the assessment.

Decree affirmed, with costs.

The other Justices concurred.